DEICHSEL, Appellant, vs. THE TOWN OF MAINE, Respondent.

*February 24— March 22, 1892.*

*Highways: Liability of town for work done by overseer: Contracts.*

In the presence of another supervisor the chairman of a town board told the overseer of highways to fix a certain road so that it could be traveled. The town board afterwards allowed him part of his claim for the work done. *Held*, that as the board had not acted in employing him the town was not liable for the balance of his claim. It was·the duty of the overseer, under sec. 1233, R. S., to put the highway in repair.

APPEAL from the Circuit Court for *Marathon* County. The facts·are stated in the opinion.

For the appellant there was a brief by *Brown & Pradt*, and oral argument by *L. A. Pradt.*

For the respondent there was a brief by *Mylrea & Marchetti*, and oral argument by *W. H. Mylrea.*

ORTON, J.  The complaint before the justice is that the plaintiff did work on the highway at the request of the town reasonably worth $84, and that $34 had been paid thereon. The plaintiff obtained judgment for $50, the balance unpaid, and the defendant town appealed to the circuit court. The plaintiff testified that he was pathmaster, and met one Nass, chairman of the town board, on the highway, and Nass told him to fix the road so that it could be traveled; and that another supervisor by the name of Goetch was present; and that the board allowed him $34 for his work, and refused to allow him the balance, because he had overworked the road money in his hands as overseer. It seems that the town had voted to collect the highway taxes in money, and that some inconsiderable sum thereof was on hand. This money must be expended by the town board. Sec. 1225, R. S. It is claimed that this

demand was a charge upon this fund. The circuit court granted a nonsuit in the case, mainly on the ground that the town board had not acted in employing the plaintiff, and that therefore the town is not liable. The court decided correctly that the town was not bound by this separate action of the chairman. *Dennison v. Austin*, 15 Wis. 3/4. It was the duty of the plaintiff, as overseer, whenever any part of the highway becomes impassable, to put it in passable condition as soon as practicable; and, if any person shall expend any labor exceeding his highway tax, he has credit therefor on his future taxes. Secs. 1233, 1234, R. S. The plaintiff testified that the chairman told him to fix the road so that it could be traveled. This is the emergency provided for in the above sections. The chairman entered into no contract with the plaintiff whatever. He merely told him to fix the road, as it was already his duty to do, as overseer. But to bind the town the supervisors must act as a town board.

*By the Court.*— The judgment of the circuit court is affirmed.